IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEVEN W. SMITH,                    )
                                   )
                 Plaintiff,        )
                                   )
vs.                                )        Case No. 08-1052-MLB
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of                    )
Social Security,                   )
                                   )
                 Defendant.        )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties and has been
referred to this court for a recommendation and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the

1

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

## II.  History of case

On April 23, 2007, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 17-31).  Plaintiff alleges that he has been disabled since February 15, 2004 (R. at 17). Plaintiff is insured for disability insurance benefits through December 31, 2009 (R. at 19).  At step one, the ALJ determined

4

that plaintiff has not performed substantial gainful activity since April 26, 2004 (R. at 19).  At step two, the ALJ found that plaintiff had the following severe impairments: coronary artery disease status/post myocardial infarction and schizophrenia (R. at 19).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 21).  After determining plaintiff's RFC (R. at 23-24), the ALJ found at step four that plaintiff is able to perform past relevant work as a lube technician (R. at 30).  In the alternative, at step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 30-31).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 31).

**III.  Is the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.

SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1);

Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891

n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118,

1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative

discussion describing how the evidence supports each conclusion,

citing to specific medical facts and nonmedical evidence, the

court will conclude that his RFC conclusions are not supported by

substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx.

781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must

be sufficiently articulated so that it is capable of meaningful

review; the ALJ is charged with carefully considering all of the

relevant evidence and linking his findings to specific evidence.

Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5,

2003).  It is insufficient for the ALJ to only generally discuss

the evidence, but fail to relate that evidence to his

conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49

F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to

comply with SSR 96-8p because he has not linked his RFC

determination with specific evidence in the record, the court

cannot adequately assess whether relevant evidence supports the

ALJ's RFC determination.  Such bare conclusions are beyond

meaningful judicial review.  Brown v. Commissioner of the Social

Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan.

2003).

In this case, the ALJ found that plaintiff had moderate limitations in 5 of the 20 categories on the medical source statement-mental.  Specifically, the ALJ found that plaintiff had moderate limitations in category ## 3, 5, 6, 11 and 19[1] (R. at 24, 289-290).

In this case, five medical sources provided opinions regarding plaintiff's mental limitations, using the same medical source statement-mental assessment form.  Dr. Stewart, a treatment provider who monitored medication and provided psychotherapy, filled out two forms.  He filled out the 1st form on August 15, 2005, after one treatment session (R. at 289-290, 315-316).  He filled out the 2nd form on October 24, 2005, after three treatment sessions (R. at 291-292, 311-316).  Dr. Page filled out a form on December 13, 2005 (R. at 293-294).  Dr. Page treated plaintiff for both physical and mental health issues from December 20, 2004 through June 13, 2006 (R. at 229-235, 323-338).  Dr. Golewale monitored plaintiff's medication and provided psychotherapy from July 19, 2006 through February 13, 2007 (R. at 296-302, 350-355); he filled out a form on February 14, 2007 (R.

---

[1]The ALJ found that plaintiff was moderately limited in the ability to understand, remember, and carry out detailed instructions (## 3 & 5), maintain attention and concentration for extended time periods (#6), complete a normal workday/workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (#11), and in the ability to travel in unfamiliar places or use public transportation (#19) (R. at 24, 289-290).

at 347-349).  Finally, Dr. Schloesser, a nonexamining state
agency physician, filled out a form on March 9, 2005 (R. at 258-
262).  Their findings regarding plaintiff's mental limitations
are as follows (a blank space indicates the medical source found
that plaintiff was not significantly limited in that category;
categories marked with an asterisk are those the ALJ found in his
decision to be moderate impairments).

| category | Schloesser 3/9/05 (Ex.9F) | Stewart 8/15/05 (Ex.13F) | Stewart 10/24/05 (Ex.14F) | Page 12/13/05 (Ex.15F) | Golewale 2/14/07 (Ex.19F) |
|---|---|---|---|---|---|
| 1 | | moderate | moderate | | marked |
| 2 | | | moderate | | moderate |
| 3* | moderate | | moderate | moderate | marked |
| 4 | | | moderate | | moderate |
| 5* | moderate | moderate | marked | moderate | marked |
| 6* | | moderate | moderate | moderate | extreme |
| 7 | | | moderate | moderate | marked |
| 8 | | | | | moderate |
| 9 | moderate | | | moderate | marked |
| 10 | | | | | moderate |
| 11* | | moderate | moderate | moderate | marked |
| 12 | | | | moderate | marked |
| 13 | | | | moderate | |
| 14 | | | moderate | moderate | |
| 15 | | | | moderate | |
| 16 | | | moderate | | |
| 17 | | | | moderate | moderate |
| 18 | | | moderate | | |
| 19* | | moderate | moderate | moderate | marked |
| 20 | | | moderate | moderate | extreme |

8

(R. at 258-259, 289-290, 291-292, 293-294, 348-349).

The ALJ stated the 1st mental assessment by Dr. Stewart was consistent with his treatment notes, and was "adopted" by the ALJ (R. at 26-27).  The ALJ did not give substantial weight to Dr. Stewart's 2nd mental assessment, indicating that it was not compatible with the treatment notes (R. at 27).  The ALJ gave "less weight" to the assessment by Dr. Golewale because the ALJ found that it was not consistent with his treatment notes or with plaintiff's activities of daily living (R. at 27).  The ALJ did not give substantial weight to the assessment of Dr. Page because he is not a psychiatrist and the opinions were not within his field of expertise; the ALJ further found that his assessment was not supported by his treatment notes (R. at 27-28).  Finally, the ALJ "adopted" the recommendations of the state agency medical consultants, including Dr. Schloesser, because their findings were supported by the medical evidence and plaintiff's daily activities (R. at 29).

Thus, the ALJ "adopted" the 1st assessment by Dr. Stewart, and the assessment by a nonexamining physician, Dr. Schloesser, while discounting the opinions of three treatment providers, including a 2nd assessment by Dr. Stewart.  The problem in this case is that the ALJ found that plaintiff was moderately limited in categories 3, 5, 6, 11 and 19.  Dr. Stewart's 1st assessment found that plaintiff had moderate limitations in categories 1, 5,

6, 11 and 19, while Dr. Schloesser found that plaintiff had

moderate limitations in categories 3, 5, and 9.  Thus, without

explanation, the ALJ did not include a moderate limitation in

category 1 (the ability to remember locations and work-like

procedures, R. at 289), even though Dr. Stewart had found that

plaintiff was moderately limited in this category.  Also without

explanation, the ALJ did not include a moderate limitation in

category 9 (the ability to work in coordination with or proximity

to others without being distracted by them, R. at 258), even

though Dr. Schloesser found that plaintiff was moderately limited

in this category.  Thus, without any explanation, the mental RFC

findings of the ALJ failed to fully adopt either the 1st

assessment by Dr. Stewart or the assessment by Dr. Schloesser.

In the case of Brown v. Commissioner of the Social Security

Administration, 245 F. Supp.2d 1175 (D. Kan. 2003), the court

held as follows:

> The ALJ, however, never explains why he makes
> findings inconsistent with the Assessment nor
> does he even acknowledge that he is rejecting
> portions of the Assessment. He cites to no
> medical records, testimony, or other evidence
> in support of his RFC findings, other than
> the Assessment. And, he fails to explain how
> any material inconsistencies or ambiguities
> in the evidence were considered and resolved.
> In short, the Court finds that the ALJ has
> failed to link his RFC determination with
> specific evidence in the record and has
> failed to comply with Social Security Ruling
> 96-8p.
>
> Due to these failures of the ALJ, the Court

10

> cannot adequately assess whether relevant
> evidence supports the ALJ's RFC
> determination. His bare conclusions are
> simply beyond meaningful judicial review. The
> Court therefore holds that the case must be
> remanded, and upon remand the Commissioner
> shall provide the proper narrative discussion
> describing how the evidence supports his
> conclusions at step four, as required by
> Social Security Ruling 96-8p, and how the
> inconsistencies or ambiguities in the
> evidence were considered and resolved. This
> shall include a discussion of the reasons
> supporting the ALJ's apparent rejection of
> certain findings of the State Agency Medical
> Consultants' Physical Residual Functional
> Capacity Assessment.

Brown, 245 F. Supp.2d at 1186-1187.

In the case of McLeland v. Astrue, Case No. 07-1233-MLB (D. Kan. Feb. 11, 2009), the ALJ failed to offer any explanation for not including in his RFC findings a moderate limitation in category #9 (the ability to work in coordination with or proximity to others without being distracted by them), even though Dr. Schloesser had indicated that plaintiff had a moderate limitation in this category, and the ALJ had given "substantial weight" to his assessment because it was consistent with the record and the evidence in its entirety. Because of the ALJ's failure to explain the omission of this limitation, especially in light of the fact that the ALJ gave substantial weight to his opinions, the case was remanded in order to comply with SSR 96-8p (if the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not

11

adopted).  McLeland, Case No. 07-1233 (Doc. 26 at 13-16); 2009 WL
348290 at *5-7.

In the case of Anderson v. Barnhart, Case No. 06-1182-WEB
(D. Kan. March 20, 2007), the ALJ failed to offer any explanation
for rejecting the opinion of the state agency medical consultant
that plaintiff was moderately limited in category #12 (the
ability to interact appropriately with the general public), but
found that plaintiff had mental limitations in categories not
identified by the state agency medical consultant.  Because the
ALJ never explained why he made findings inconsistent with the
state agency medical consultant, the court held that the ALJ
failed to comply with the requirements of SSR 96-8p, and remanded
the case in order for the ALJ to comply with SSR 96-8p.
Anderson, Case No. 06-1182 (Doc. 9 at 8-10); 2007 WL 1223992 at
*4.

In the case of Bosch v. Barnhart, Case No. 05-1289-MLB (June
5, 2006), the ALJ stated that he agreed with the lower level RFC
assessment.  The lower level assessment found that plaintiff had
mental limitations in categories 3, 5, 6 and 9.  However, the
ALJ's RFC findings stated that plaintiff had moderate limitations
in categories 3, 5, 6 and 8.  Thus, without explanation, the ALJ
decision added one additional limitation, but omitted one
contained in the lower level RFC assessment.  The ALJ also made
physical RFC findings which varied somewhat from the state agency

assessment.  However, the ALJ failed to explain the basis for the discrepancy between the state agency RFC assessments and the ALJ's RFC findings.  The court held that because of the ALJ's failure to explain why he made findings inconsistent with the state agency assessments, the case was remanded in order for the ALJ to comply with SSR 96-8p.  <u>Bosch</u>, Case No. 05-1289 (Doc. 13 at 8-10, 12-14); 2006 WL 4045924 at *3-4, 5-6.

As in <u>Brown</u>, <u>McLeland</u>, <u>Anderson</u>, and <u>Bosch</u>, the ALJ in this case failed to include, without explanation, a moderate mental limitation (#1) contained in the 1st assessment by Dr. Stewart, and a moderate mental limitation (#9) contained in the state agency RFC assessment by Dr. Schloesser.  SSR 96-8p clearly states that if "the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  1996 WL 374184 at *7.  The failure to explain the omission of this mental limitation becomes even more difficult to understand in light of: (1) the ALJ's own finding that the 1st assessment by Dr. Stewart was "adopted" because his assessment is consistent with the treatment notes (R. at 26-27), and (2) the fact that the assessment by Dr. Schloesser was "adopted" by the ALJ because that assessment is supported by the medical evidence and plaintiff's daily activities (R. at 29).  Furthermore, the court cannot speculate as to the impact of these additional moderate limitations, if they were included in

13

plaintiff's RFC, on plaintiff's ability to perform past relevant work or other work in the national economy. Therefore, this case shall be remanded in order for the ALJ to comply with SSR 96-8p.[2]

Other problems related to the ALJ's analysis of the mental assessments will also need to be addressed when this case is remanded. The ALJ found that Dr. Stewart's 1st assessment was consistent with the treatment notes, while Dr. Stewart's 2nd assessment was not compatible with the treatment notes (R. at 27). However, in reviewing the treatment notes by Dr. Stewart from August 1, 2005 through October 24, 2005, and even the treatment notes after his 2nd assessment (R. at 303-316; Dr. Stewart's assessments were prepared on August 15, 2005 and October 24, 2005), it is not at all clear to the court why the treatment notes are consistent with Dr. Stewart's 1st assessment (indicating moderate limitations in 5 categories), but are not

---

[2]This case is complicated by the fact that the hypothetical questions asked of the vocational expert (VE) at the hearing do not match the RFC findings in the ALJ's decision. At the hearing, the ALJ first asked the VE to consider the limitations listed in Exhibit 9F (Dr. Schloesser's assessment; moderate limitations in category ## 3, 5, and 9). The VE testified that with those mental limitations, plaintiff could perform past work and other work in the national economy (R. at 398-400). The VE was then given a 2nd hypothetical question, substituting Exhibit 13F (Dr. Stewart's 1st assessment; moderate limitations in category ## 1, 5, 6, 11 and 19) in place of the mental limitations given in the first 1st hypothetical. The VE testified that plaintiff could still perform past unskilled work and other work in the national economy (R. at 400-401). However, the VE was never asked if plaintiff could perform past work or other work if plaintiff had, as the ALJ found in his decision, moderate impairments in category ## 3, 5, 6, 11, and 19.

consistent with Dr. Stewart's 2nd assessment (indicating moderate limitations in 12 categories and a marked limitation in 1 category).  The problem with the treatment notes is that they do not address plaintiff's limitations, or lack thereof, in most of the 20 categories contained in the mental health assessment.  The ALJ's assertion that Dr. Stewart's 2nd assessment is inconsistent with the treatment notes is not borne out by the record; at most, the treatment notes are deficient in addressing the limitations contained in the assessment.  See Shontos v. Barnhart, 328 F.3d 418, 426-427 (8th Cir. 2003).

Furthermore, there is no medical opinion in the record that Dr. Stewart's 2nd assessment is inconsistent with his treatment notes.  In fact, Dr. Page's assessment agreed with Dr. Stewart's 2nd assessment that plaintiff had at least a moderate limitation in 8 of the 20 categories (category ## 3, 5, 6, 7, 11, 14, 19, and 20, R. at 291-292, 293-294).  Dr. Golewale, who treated plaintiff after Dr. Stewart, agreed with Dr. Stewart that plaintiff had limitations in 10 of the 20 categories (category ## 1-7, 11, 19 and 20, R. at 291-292, 348-349), although Dr. Golewale generally found that the degree of plaintiff's impairments in those categories was greater than that found by Dr. Stewart.  Dr. Stewart, Dr. Page, and Dr. Golewale were treatment providers for the plaintiff.  An ALJ is not free to substitute his own medical opinion for that of a disability

15

claimant's treating doctors.  <u>Hamlin v. Barnhart</u>, 365 F.3d 1208,
1221 (10th Cir. 2004).  The ALJ is not entitled to *sua sponte*
render a medical judgment without some type of support for his
determination.  The ALJ's duty is to weigh conflicting evidence
and make disability determinations; he is not in a position to
render a medical judgment.  <u>Bolan v. Barnhart</u>, 212 F. Supp.2d
1248, 1262 (D. Kan. 2002).  In the absence of any clear
indication in the record or any medical opinion evidence to
support the ALJ's assertion that Dr. Stewart's treatment notes
were inconsistent with his 2nd assessment, the ALJ overstepped
his bounds into the province of medicine.  <u>Miller v. Chater</u>, 99
F.3d 972, 977 (10th Cir. 1996).

Dr. Stewart's 2nd assessment, and the assessments of Dr.
Page and Dr. Golewale, all treatment providers, indicate that
plaintiff has a number of mental limitations not included by the
ALJ in his RFC findings.[3]  Dr. Schloesser, whose opinion the ALJ
"adopted," found that plaintiff had a moderate limitation in
category #9 (R. at 258); as noted above, the ALJ inexplicably
failed to include this limitation.  Dr. Page also found that
plaintiff had a moderate limitation in category #9 (R. at 294),

_____

[3]At the hearing, the VE testified that based upon the
limitations contained in either Dr. Stewart's 2nd assessment (Ex.
14F), Dr. Page's assessment (Ex. 15F), or Dr. Golewale's
assessment (Ex. 19F [incorrectly listed as Ex. 18 in the
transcript]), all work would be precluded (R. at 401-403).  Thus,
the weight given to these assessments is critical to the outcome
of this case.

while Dr. Golewale found that plaintiff had a marked impairment in this category (R. at 348).  When this case is remanded, the ALJ must not consider the opinions of the treating sources in isolation, but they must be examined in light of the entire evidentiary record, including the opinions and assessments of the other treating, examining and nonexamining sources.  The court is concerned with the necessarily incremental effect of each individual report or opinion by a source on the aggregate assessment of the evidentiary record, and, in particular, on the evaluation of reports and opinions of other sources, and the need for the ALJ to take this into consideration.  See Lackey v. Barnhart, 127 Fed. Appx. 455, 458-459 (10th Cir. April 5, 2005). If the ALJ does not give controlling weight to a treating physician opinion, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).

The court would note that Dr. Stewart failed to set forth any explanation for his opinions in either the 1st or 2nd mental assessment.  In the case of Robinson v. Barnhart, 366 F.3d 1078 (10th Cir. 2004), the court held as follows:

> If evidence from the claimant's treating
> doctor is inadequate to determine if the
> claimant is disabled, an ALJ is required to
> recontact a medical source, including a
> treating physician, to determine if
> additional needed information is readily
> available. See 20 C.F.R. §§ 404.1512(e)(1)
> and 416.912(e)(1) ("We will seek additional

> evidence or clarification from your medical
> source when the report from your medical
> source contains a conflict or ambiguity that
> must be resolved, the report does not contain
> all the necessary information, or does not
> appear to be based on medically acceptable
> clinical and laboratory diagnostic
> techniques."); see also McGoffin, 288 F.3d at
> 1252 (holding ALJ had obligation to recontact
> treating physician if validity of his report
> open to question). The responsibility to see
> that this duty is fulfilled belongs entirely
> to the ALJ; it is not part of the claimant's
> burden. White v. Barnhart, 287 F.3d 903, 908
> (10th Cir.2001).

366 F.3d at 1084.  The court in Robinson then stated that if the

ALJ concluded that the treating physician failed to provide

sufficient support for his conclusions about plaintiff's

limitations, the severity of those limitations, the effect of

those limitations on her ability to work, or the effect of

prescribed medication on her ability to work, the ALJ should have

recontacted the treatment provider for clarification of his

opinion before rejecting it.  366 F.3d at 1084.  In addition, SSR

96-5p states the following:

> Because treating source evidence (including
> opinion evidence) is important, if the
> evidence does not support a treating source's
> opinion on any issue reserved to the
> Commissioner and the adjudicator cannot
> ascertain the basis of the opinion from the
> case record, the adjudicator must make "every
> reasonable effort" to recontact the source
> for clarification of the reasons for the
> opinion.

1996 WL 374183 at *6.  In the absence of any explanation by Dr.

Stewart for his findings on either assessment, on remand the ALJ

18

should give serious consideration to recontacting Dr. Stewart in order to ascertain the basis for his opinions.

Finally, the ALJ discounted the opinions of Dr. Page because he is not a psychiatrist and his opinions expressed on the assessment are not within his field of expertise (R. at 27-28). However, 20 C.F.R. § 404.1527(a)(2) indicates that medical opinions are statements from physicians, psychologists and other acceptable medical sources that include physical or mental restrictions.  A treating physician is qualified to give a medical opinion as to a claimant's mental state as it relates to their alleged disability and the ALJ may not discredit their opinion on the ground that the treating physician is not a psychiatrist.  Nguyen v. Barnhart, 170 Fed. Appx. 471, 473 (9th Cir. March 8, 2006); Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Spraque v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987); Barrager v. Astrue, 2007 WL 2377049 at *7 (D. Kan. Aug. 13, 2007; Case No. 06-1150-WEB, Doc. 19 at 15); Fuller v. Astrue, (D. Kan. May 1, 2009; Case No. 08-1177-MLB, Doc. 18 at 10-11); Wren v. Astrue, 2007 WL 1531804 at *4 (D. Kan. May 23, 2007; Case No. 06-1158-MLB, Doc. 16 at 9).  Dr. Page, a physician, is qualified to evaluate plaintiff's mental limitations, and the ALJ erred in discounting his opinion for this reason.

The ALJ also discounted the opinions of Dr. Page because the treatment notes indicate that plaintiff was "doing well

psychiatrically," had "stable mental functioning," and had a "general lack of complaints" (R. at 28).  However, those very general statements in the treatment notes do not address the degree of plaintiff's mental limitations in any of the 20 categories contained on the mental RFC assessment.  The ALJ failed to point to anything in the treatment notes that is clearly inconsistent with the opinions of Dr. Page regarding plaintiff's mental limitations.  <u>See</u> <u>Shontos v. Barnhart</u>, 328 F.3d at 427 (court noted that no medical source provided an opinion that the fact that Ms. Shontos did better while on medication negated the opinions of Dr. Burns that Ms. Shontos would have difficulty with detailed instructions).  Therefore, on remand, the ALJ should reexamine the treatment notes in order to determine if any of the treatment notes are clearly inconsistent with Dr. Page's findings of moderate mental limitations in the various categories.  The ALJ may also want to recontact Dr. Page to ascertain the basis for his opinions.

**IV.  Did the ALJ err in his step four analysis?**

At step four, the ALJ is required by Social Security Ruling (SSR) 82-62 to make findings of fact regarding: 1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity.  <u>Henrie v. United States Dep't</u>

of HHS, 13 F.3d 359, 361 (1993).  Thus, at the third or final

phase of the analysis, the ALJ determines whether the claimant

has the ability to meet the job demands found in phase two

despite the mental and/or physical limitations found in phase

one.  At each of these three phases, the ALJ must make specific

findings.  Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir.

2007); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996).[4]

An ALJ can comply with these requirements if he quotes the VE's

---

[4]In Winfrey, the court noted that the Secretary glossed over
the absence of the required ALJ findings by relying on the
testimony of the vocational expert (VE) that plaintiff could meet
the mental demands of his past relevant work, given his mental
limitations as found by the ALJ.  The court stated that this
practice of delegating to a VE many of the ALJ's fact finding
responsibilities at step four appears to be of increasing
prevalence and is to be discouraged.  The court went on to say as
follows:

> Requiring the ALJ to make specific findings
> on the record at each phase of the step four
> analysis provides for meaningful judicial
> review.  When, as here, the ALJ makes
> findings only about the claimant's
> limitations, and the remainder of the step
> four assessment takes place in the VE's head,
> we are left with nothing to review...a VE may
> supply information to the ALJ at step four
> about the demands of the claimant's past
> relevant work...[but] the VE's role in
> supplying vocational information at step four
> is much more limited than his role at step
> five...Therefore, while the ALJ may rely on
> information supplied by the VE at step four,
> the ALJ himself must make the required
> findings on the record, including his own
> evaluation of the claimant's ability to
> perform his past relevant work.

Winfrey, 92 F.3d at 1025.

testimony with approval in support of his own findings at phases two and three of the step four analysis.  Doyal v. Barnhart, 331 F.3d 758, 760-761 (10th Cir. 2003).[5]  When the ALJ fails to make findings at phase two of step four regarding the physical and/or mental demands of plaintiff's past work, the case will be remanded for a proper step four analysis.  Bowman v. Astrue, 511 F.3d 1270, 1271-1273 (10th Cir. 2008); Frantz v. Astrue, 509 F.3d at 1303-1304; Kilpatrick v. Astrue, 559 F. Supp.2d 1177, 1182-1185 (D. Kan. 2008)(Belot, D.J.).

This case is being remanded in order to correct errors in the RFC findings and the analysis of treating source opinions

---

[5]The ALJ's findings in Doyal were as follows:

> The vocational expert testified that the claimant's past relevant work as a housecleaner and sewing machine operator would be classified as light and unskilled, and her past relevant work as an activities director would be classified as light and semiskilled.... The vocational expert indicated that the claimant's past relevant work as a housecleaner and sewing machine operator did not require lifting more than 20 pounds, walking for prolonged periods, or performing tasks requiring bilateral normal grip strength.

Doyal, 331 F.3d at 760.  The ALJ found that plaintiff could perform past relevant work as a housecleaner and a sewing machine operator.  331 F.3d at 761.  As noted above, the ALJ cited with approval the testimony of the vocational expert concerning the physical demands of the 2 past jobs which the ALJ found that the claimant could still perform.

regarding plaintiff's mental limitations.   After doing so, the ALJ will need to make new findings at step four and step five. The court finds that the ALJ did not make the necessary findings at phase two of the step four analysis.   On remand, the ALJ shall make step four findings in accordance with the above case law and agency rulings.   However, the court would note that when the ALJ makes proper findings at step five, any error at step four will be deemed harmless error.   <u>Martinez v. Astrue</u>, 2009 WL 721687 at *3 (10th Cir. Mar. 19, 2009); <u>see</u> <u>Murrell v. Shalala</u>, 43 F.3d 1388, 1389-1390 (10th Cir. 1994).

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.   Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on May 18, 2009.


                              s/Donald W. Bostwick
                              DONALD W. BOSTWICK
                              United States Magistrate Judge